**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JUSTIN MOORE** | * | |
| | * | **CIVIL ACTION NO. 2:19-cv-01592** |
| *Plaintiff,* | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **CENTRALIZED MANAGEMENT SERVICES, LLC AND EPISODE SOLUTIONS, LLC** | * | **MAGISTRATE:** |
| | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Justin Moore, who respectfully files this Complaint against Defendants, Centralized Management Services, LLC and Episode Solutions, LLC, as follows:

## INTRODUCTION

1. This is an action to halt and seek redress for the unlawful discrimination that Defendants have implemented in their business practices.

2. The Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, expressly prohibits discrimination in employment on the basis of disability.

3. Despite the ADA's express prohibition of discriminatory employment practices, Defendants have nevertheless violated Plaintiff's rights.

## PARTIES

4. Plaintiff, Justin Moore, is a person of the age of majority who is domiciled in the Parish of Jefferson, State of Louisiana.

5. Defendant, Centralized Management Services, LLC ("CMS"), is a Delaware limited liability company doing business within the State of Louisiana with its principal place of business located in Davidson County, State of Tennessee. Upon information and belief, CMS is a wholly owned affiliate of Defendant-entity, Episode Solutions, LLC.

6. Defendant, Episode Solutions, LLC, is a Tennessee limited liability company doing business within the State of Louisiana with its principal place of business located in Davidson County, State of Tennessee.

## JURISDICTION AND VENUE

7. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the claims asserted herein arise under the ADA, a federal statute codified at 42 U.S.C. §§ 12101, *et seq.*

8. On April 17, 2018, Mr. Moore timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against Defendants for discrimination.

9. The EEOC issued a Notice of Right to Sue letter on December 20, 2018 and Mr. Moore received the letter on or about December 28, 2018.

10. Venue is proper in this Court because Defendants hired Mr. Moore in this Eastern District; Defendants illegally fired Mr. Moore in this Eastern District; and the acts of discrimination perpetrated against Plaintiff by Defendants occurred in the Eastern District of Louisiana.

11. This Court has jurisdiction over Defendants based on the above, and because, although neither are formally registered to do business in the State of Louisiana, they both conduct business within the State of Louisiana.

## FACTUAL ALLEGATIONS

12. On or about August 2, 2017, after an extensive interview process with Tom Gallagher (CEO)

and employee, Angela Jones, Defendants offered Mr. Moore the opportunity to be employed by Defendants as a Regional Business Development Manager in Louisiana.

13. Mr. Moore accepted Defendants' offer and began employment on or about August 28, 2017.

14. Mr. Moore suffers from the disease of alcoholism. Although he was sober and in recovery for years prior to his employment with Defendants, Mr. Moore relapsed approximately one month after starting his employment with Defendants.

15. Mr. Moore never consumed alcohol while at work for Defendants, nor did he ever report to work impaired by alcohol.

16. Immediately after his relapse, Mr. Moore decided to ask Katie Shram with the Human Resources Department of Defendants for her advice on whether he should seek treatment in a rehabilitation program because he feared that if he entered the rehabilitation program, he would lose his job.

17. Upon information and belief, Katie Shram was hired by Defendants as an Independent Human Resources Specialist to handle all human resources responsibilities for Defendants. At all times relevant to this Complaint, Ms. Shram was acting within the course and scope of her employment with Defendants.

18. Ms. Shram instructed Mr. Moore to be honest with his supervisors about his disability. Specifically, Ms. Shram instructed Mr. Moore to tell his supervisors the truth about "being a recovering alcoholic who has sought treatment in the past, but recently had a relapse." Ms. Shram further informed Mr. Moore that "recovering alcoholics seeking help are a protected class by the ADA."

19. On or about September 25 or 26, 2017, Mr. Moore, following Ms. Shram's advice, contacted his supervisor, Angela Jones, and informed her that he would be seeking treatment for his

disease. At all times relevant to this Complaint, Ms. Jones was acting within the course and scope of her employment with Defendants.

20. On or about September 27, 2017, Mr. Moore began treatment for his disease. While in treatment, Mr. Moore periodically updated Defendants about his progress.

21. On or about October 27, 2017, Mr. Moore completed treatment and thereafter notified Defendants that he was able to come back to work.

22. The same day, Hutton Eadie, the Director of Compliance and Legal Affairs with Defendants, contacted Mr. Moore via email and told Mr. Moore that he could not contact his clients/Defendants' customers. Mr. Eadie further instructed Mr. Moore to speak with his supervisor, Ms. Jones, before he did anything else related to work.

23. On or about November 1, 2017, Mr. Moore met with Ms. Jones. During the meeting, Ms. Jones informed Mr. Moore that Defendants were discharging Mr. Moore for "performance issues." Despite Mr. Moore's request for clarification as to his alleged "performance issues," Ms. Jones offered no clarification and told Mr. Moore "that's not up for discussion."

24. Prior to Mr. Moore's meeting with Ms. Jones, Defendants never expressed any problems or concerns with Mr. Moore's performance.

25. In fact, Ms. Jones consistently praised Mr. Moore and on numerous occasions told him that his performance was "golden."

26. Upon information and belief, Mr. Moore was terminated for having the disease of alcoholism, and for seeking the necessary treatment to arrest this disease.

27. Due to Defendants unlawful discrimination and termination of Mr. Moore, Mr. Moore was unable to secure a job in the medical device field—a field in which he has worked for over sixteen (16) years—for approximately fifteen (15) months.

28. The job that Mr. Moore was eventually able to secure following his termination with Defendants paid him a lower salary than the salary he was making while employed with Defendants.

## COUNT I: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

29. The preceding paragraphs are incorporated herein as though fully set forth below.

30. The ADA prohibits employers from discriminating against individuals because of a disability, specifically with regards to discharge of employees. 42 U.S.C. § 12112.

31. Alcoholism is recognized as a disability under the ADA.

32. Mr. Moore was fully qualified to be in his position with Defendants.

33. Upon information and belief, Defendants have above fifteen employees and are covered employers to which the ADA applies.

34. Defendants terminated Mr. Moore from employment because of his alcoholism and because he sought treatment for his alcoholism.

35. Defendants made no individualized assessment to determine whether Mr. Moore could perform the essential functions of his job or whether a reasonable accommodation would enable him to be employed in his position, as required under the ADA.

36. Because of Defendants' actions, Mr. Moore has suffered and will continue to suffer economic and non-economic harm.

37. Since his termination from employment with Defendants, it took Mr. Moore approximately fifteen (15) months to find a job is the medical device sales field.

38. During his sixteen (16) years working in the medical device sales filed, Mr. Moore made, on average, a salary of $250,000.00. Following his termination with Defendants, Mr. Moore was only able to secure a job making a salary of $180,000.00—i.e. less than what his average salary

was for the past sixteen (16) years.

## JURY REQUEST

39. For any and all claims subject to the same, a trial by jury is requested.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Justin Moore, respectfully requests that this Court enter Judgment against Defendants, Centralized Management Services, LLC and Episode Solutions, LLC, jointly and separately, as follows:

a. Appropriate injunctive relief, including but not limited to an order restraining Defendants from engaging in further discriminatory conduct of the types alleged in this Complaint, and from submitting negative references to any of Plaintiff's potential future employers;

b. Back pay in an amount to be determined at trial;

c. Front pay;

d. Compensatory and consequential damages, including for anxiety, mental torment and emotional distress;

e. Loss of retirement monies, including penalties incurred in withdrawing retirement income due to loss of employment;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorney's fees, expert fees and all other costs of this action; and

h. Any such further relief as the Court deems just and proper.

        Respectfully submitted,

        */s/ David P. Vicknair*
        David P. Vicknair, La. Bar No. 34135
        Kassie Lee Richbourg, La. Bar No. 37521
        Deandra N. De Napoli, La. Bar No. 38182
        **Scott, Vicknair, Hair & Checki, LLC**
        909 Poydras Street, Suite 1100
        New Orleans, Louisiana 70112
        T: (504) 684-5200
        F: (504) 613-6351
        david@svhclaw.com
        richbourg@svhclaw.com
        deandra@svhclaw.com

        -and-

        Andre F. Toce, La. Bar No.
        The Toce Firm
        969 Coolidge Blvd.
        Lafayette, Louisiana 70503
        T: (337) 233-6818
        F: (866) 306-9336
        tocelawfirm.com

        *Attorneys for Justin Moore*

Date: February 20, 2019