UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUSTIN MOORE                                                         CIVIL ACTION

VERSUS                                                               NO. 19-1592

CENTRALIZED MANAGEMENT                                               SECTION M (2)
SERVICES, LLC and
EPISODE SOLUTIONS, LLC

## ORDER & REASONS

Before the Court is plaintiff Justin Moore's motion under Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration[1] of this Court's February 28, 2020 Order & Reasons dismissing this action for disability discrimination under the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, *et seq.*, as amended.[2] Defendants Centralized Management Services, LLC and Episode Solutions, LLC (collectively, "Defendants") respond in opposition,[3] and Moore replies in further support of his motion.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion for reconsideration.

I.  **BACKGROUND**

Moore filed this action against Defendants seeking damages for disability employment discrimination.[5] Moore alleged that Defendants terminated him from employment because of his alcoholism and because he sought treatment for the disease.[6] Specifically, Moore alleged that "Defendants made no individualized assessment to determine whether [he] could perform the

---

[1] R. Doc. 50.
[2] R. Doc. 47.
[3] R. Doc. 53.
[4] R. Doc. 56.
[5] R. Doc. 1 at 2 & 5.
[6] *Id.* at 5.

essential functions of his job or whether a reasonable accommodation would enable him to be employed in his position, as required under the ADA."[7]

Defendants filed a motion to dismiss arguing that Moore could not "meet his *prima facie* or ultimate burden of proof on critical aspects of his disparate treatment and failure-to-accommodate claims."[8] Defendants argued that Moore could not prove either that he qualifies as disabled under the ADA or that Defendants' legitimate, non-discriminatory reasons for terminating his employment were pretextual.[9]

This Court granted Defendants' motion, holding that Moore was not a qualified individual under the ADA because he did not present summary-judgment evidence demonstrating that his episodic binge drinking affected a major life function.[10] The Court also held that, pursuant to 42 U.S.C. § 12114(c), Defendants were within their rights to fire Moore for poor job performance, even if his deficiencies were caused by his alcoholism.[11] Further, the Court concluded that there was no evidence that Defendants regarded Moore as disabled.[12] Moreover, the Court noted that, even if Moore had established a *prima facie* case of discrimination under the ADA, which he did not, he cannot prove that Defendants' termination of him was pretextual because he was fired for his absences and poor job performance.[13]

## II. PENDING MOTION

Moore now asks this Court to reconsider its Order & Reasons dismissing this action.[14] Moore argues that the Court's ruling was "in error" for three reasons.[15] First, according to Moore,

---

[7] *Id.*
[8] R. Doc. 13 at 1 & 3.
[9] *Id.*
[10] R. Doc. 47 at 8-11.
[11] *Id.* at 11-13.
[12] *Id.* at 13-16.
[13] *Id.* at 16 n.27.
[14] R. Doc. 50.
[15] R. Docs. 50-1; 56.

the ruling "was based on outdated law" and did not take into account the 2008 amendments to the ADA.[16] Second, Moore argues that disputed facts in the record made summary judgment inappropriate.[17] Third, he contends that the Court failed to consider previously unavailable evidence, including newly-acquired documents, said to demonstrate, or which possibly could demonstrate, that Moore is a qualified individual under the ADA.[18] These documents include "documents withheld during discovery that were being reviewed *in camera* [by the magistrate judge] when the ruling was entered, and which are potentially dispositive" of Defendants' motion for summary judgment.[19]

Defendants, on the other hand, argue that there is no basis upon which to reconsider the Court's prior ruling,[20] because Moore has not "identified a manifest error of law or mistake of fact, nor presented the Court with any newly ***discovered*** evidence that would justify reconsidering, let alone, reversing the Court's prior ruling."[21]

### III. LAW & ANALYSIS

At the outset, because the matter was resolved on a motion for summary judgment, not after trial, the Court construes Moore's motion for new trial as a motion for reconsideration, or motion to alter or amend a judgment. *See Patin v. Allied Signal Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) (noting that a motion for reconsideration styled as a motion for new trial following summary judgment was correctly analyzed as a Rule 59(e) motion to reconsider entry of summary judgment). A Rule 59(e) motion calls into question the correctness of a judgment. *In re*

---

[16] R. Docs. 50-1 at 10-12; 56 at 1-3.
[17] R. Docs. 50-1 at 1 (the Court's ruling "was based on argument of counsel, not evidence, and improper factual assumptions and inferences contrary to the evidence on summary judgment, rather than on the evidence presented to the Court at trial, at which time those inferences and credibility determinations would be properly made by the jury"), 3-6; 56 at 1, 3-5.
[18] R. Docs. 50-1 at 1, 6-15; 56 at 5-10.
[19] R. Doc. 50-1 at 1-2.
[20] R. Doc. 53.
[21] *Id.* at 6 (emphasis in original).

*Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001). The grant of such a motion is an "extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004) (citation omitted). A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1990).

In the Fifth Circuit, a Rule 59(e) movant must show that reconsideration is necessary for at least one of the following reasons: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to address an intervening change in the controlling law. *Markel Am. Ins. Co. v. Diaz-Santiago*, 674 F.3d 21, 32 (5th Cir. 2012); *Barber v. Spinal Elements,* 2019 WL 5810304, at *2 (E.D. La. Nov. 7, 2019). But the motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 105, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

After considering Moore's arguments, the Court is not persuaded that reconsideration is warranted.

4

### A. No Error of Law: The Ruling Was Not Based on Outdated Law

Relying upon a single, distinguishable, out-of-circuit decision, Moore argues that the Court committed an error of law in rejecting his disability discrimination claim.[22] He argues that this Court should have disregarded controlling Fifth Circuit precedent and the standards set out in *Burch v. Coca-Cola*, 119 F.3d 305 (5th Cir. 1997), in light of the 2008 amendments to the ADA.[23] Specifically, Moore proclaims that "[t]he exacting standards of *Felix* [*v. Sun Microsystems, Inc.*, 2004 WL 911303 (D. Md. Apr. 12, 2004),] and *Burch* ... should no longer apply considering they were decided in 1997 and 2004, respectively, prior to the 2008 Amendments to the ADA."[24] Moore argues that these cases fail to heed Congress's directive in the 2008 amendments that "the definition of disability ... **shall be construed in favor of broad coverage** ... to the maximum extent permitted by the terms of the ADA."[25]

Moore's argument is unavailing. To be sure, the Court in its Order & Reasons expressly acknowledged that "[t]he ADA's implementing regulations explain that the phrase 'substantially limits' is *broadly construed in favor of expansive coverage*."[26] But the directive that the ADA "shall be construed in favor of broad coverage" does not absolve a plaintiff from alleging facts as would satisfy the basic threshold requirement of qualifying as disabled under the ADA. Plaintiffs cannot merely assert they are disabled or assert that alcoholism is a disability *per se* under the ADA, as Moore did in his complaint,[27] and expect that the ADA's broad coverage will reach them. "[N]either the Supreme Court nor [the Fifth Circuit] has recognized the concept of a *per se* disability under the ADA, no matter how serious the impairment; the plaintiff still must adduce

---

[22] R. Doc. 50-1 at 10-13 (citing *Alexander v. Washington Metro. Area Transit Auth.*, 826 F.3d 544 (D.C. Cir. 2016)).
[23] *Id.* at 12.
[24] R. Doc. 50-1 at 12 (emphasis omitted).
[25] *Id.* at 11 (emphasis in original toned down; quotation and brackets omitted).
[26] R. Doc. 47 at 6 (emphasis added).
[27] R. Doc. 1 at 5.

evidence of an impairment that has actually and substantially limited the major life activity on which he relies." *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 656 (5th Cir. 2003). Thus, after acknowledging the broad construction to be afforded coverage under the ADA, the Court, in its Order & Reasons, went on to quote the regulation providing "that whether an individual's 'impairment substantially limits a major life activity requires an individualized assessment.'"[28] The Court then applied the Fifth Circuit's test, as espoused in *Burch* and other controlling precedent, to examine whether Moore's claimed impairment, his alcoholism, was substantially limiting as to constitute a qualifying disability under the ADA: "Whether an impairment is substantially limiting depends on '(1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its **permanent** or expected permanent or long-term impact.'"[29] This test has been applied repeatedly and consistently by the Fifth Circuit in the years since the 2008 amendments to the ADA. *See, e.g., Milton v. Texas Dep't of Criminal Justice*, 707 F.3d 570, 573 (5th Cir. 2013) (quoting *Equal Emp't Opportunity Comm'n v. Argo Distrib., LLC*, 555 F.3d 462, 470 (5th Cir. 2009)); *Equal Emp't Opportunity Comm'n v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614-15 (5th Cir. 2009).

Applying this test, the Court determined that the episodic nature of Moore's relapse, as a binge drinker, "does not satisfy the permanency requirement to constitute a substantially limiting impairment under the ADA" and was "more akin to an 'occasional manifestation' of his disease."[30] Moore argues that the Court was incorrect to do so because it assumed that he is only affected by his alcoholism during a binge or relapse and also that he has been in recovery for years, which

---

[28] R. Doc. 47 at 6 (quoting 29 C.F.R. § 1630.2(j)(1)(i) & (iv)).
[29] *Id.* at 7-8 (quoting *Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc.*, 242 F.3d 610, 614 (5th Cir. 2001)) (emphasis added).
[30] *Id.* at 9.

6

Moore incorrectly says is contradicted by the medical records.[31] To be sure, the Court made no assumptions whatsoever, but rather gleaned this information directly from the complaint and Moore's deposition testimony. For example, Moore testified in his deposition that his alcoholism *does not affect him* when he is not experiencing a binge or relapse:

> Q: Is there any difference in terms of how your alcoholism affects your daily activities when you were in remission?
>
> A: It doesn't affect it at all.[32]

Therefore, because Moore is affected by his alcoholism only during a binge or relapse, the Court looked to the teaching of cases such as *Burch* and *Felix*,[33] which had applied the test of permanency in making the individualized assessment still required in the Fifth Circuit after the 2008 amendments to the ADA, to determine whether his alcoholism qualified him as disabled. It was not an error of law to do so.[34]

The *Alexander v. Washington Metropolitan Area Transit Authority* case, upon which Moore relies, does not alter this conclusion for at least two reasons. First, as a decision of the District of Columbia Circuit, it is not controlling law. As reviewed above, *Burch* remains controlling Fifth Circuit law, especially given the Fifth Circuit's repeated and consistent application of its test in the years following the 2008 amendments to the ADA. Second, *Alexander* is distinguishable from Moore's case – principally because *Alexander* turned on the district court's

---

[31] R. Doc. 50-1 at 13.
[32] R. Doc. 17-7 at 6.
[33] Moore also attempts to distinguish himself from the plaintiff in *Felix* arguing that his binges last about 10 days and then he is sober for a mere 10-15 days before beginning another binge. These statements contradict his sworn deposition testimony that he can go months without drinking, has a binge, and then goes months again without drinking. R. Doc. 13-5 at 10.
[34] Further, Moore completely ignores the provisions of the ADA that permit an employer to terminate an alcoholic for unsatisfactory job performance even if such deficiencies are caused by his alcoholism. 42 U.S.C. § 12114(c). The Court concluded, based on the undisputed evidence provided, that his behavior deviated from an employer's legitimate expectations for an employee in his position. Even if such conduct consisted only of his unapproved absences, it would provide ample justification for his termination under § 12114(c). Thus, Moore was not protected by the ADA.

failure to consider whether Alexander's employer "regarded" him as having an impairment, whereas the Court here did weigh the summary-judgment evidence to determine that Defendants did not regard Moore as having an impairment; but also because the evidence of Alexander's alcoholism revealed substantially limiting effects across a broad range of major life activities, including occupational functionality, whereas the undisputed evidence of Moore's alcoholism revealed the non-permanent, episodic nature of his binge drinking, which was more analogous to the experiences of the plaintiffs in *Burch* and *Felix* than to Alexander's.

In short, it was not an error of law for this Court to follow and apply the controlling law of this Circuit in rendering summary judgment to dismiss Moore's disability discrimination claim.

**B.     No Error of Fact:  The Court Correctly Weighed Summary Judgment**

Moore complains that this Court improperly weighed disputed issues of material fact, based its ruling on counsel's arguments, and made improper factual assumptions and inferences contrary to the summary-judgment evidence.[35]  Most of Moore's argument is directed to allegedly disputed facts that were not material to the summary-judgment issues before the Court.  These summary-judgment issues were: generally, whether Moore was a qualified "disabled" individual under the ADA, and more particularly, whether Moore's alcoholism substantially limited the major life activity he cited (*viz.*, "working") in its severity, duration, and permanence, as to qualify him as disabled under the ADA, or alternatively, whether he was regarded as having a substantially limited impairment; and even if so, whether Defendants had  a legitimate, non-discriminatory reason for terminating him, which Moore has not shown to be a pretext for discrimination.

Even in seeking reconsideration, Moore does not (as he cannot) dispute the essential or material facts underlying the summary judgment dismissing his claim for disability discrimination.

---

[35] R. Doc. 50-1 at 5.

8

Moore does not dispute the episodic nature or impermanence of his binge drinking; he does not dispute that Defendants failed to communicate that they regarded his alcoholism as substantially impairing his ability to do his job; he does not dispute that he missed work, meetings, and calls during the periods of his binge drinking; and he does not dispute that he presented no evidence demonstrating that Defendants' reason for firing him was pretextual. Hence, Moore does not (and cannot) take issue with the Court's conclusion on the summary-judgment record that the limitations of Moore's alleged impairment (*i.e.*, his alcoholism), as manifested during a binge or relapse, were only temporary and, consequently, did not substantially affect the major life activity of working.

Instead, Moore's only argument directed to a relevant issue is that the Court was off base in observing that he was fired for lackluster job performance because, he says, this constituted a disputed issue of material fact. In support of this argument, Moore cites to his own deposition testimony recounting his efforts concerning business development, including meetings with potential clients, physicians, and hospitals. While Defendants may take issue with Moore's generous self-assessment of his business development efforts, this is not the aspect of his job performance that got him fired.[36] Instead, Moore's termination was precipitated by his unexcused absences from his job – his four-day-long failure to show up for work, including missed meetings and telephone calls.

Moore's complaints about the Court's Order & Reasons are largely directed to irrelevant points. So, for example, according to Moore, the "record is devoid of contemporaneous, written complaints about Moore's alleged lack of performance before he told [Centralized Management

---

[36] R. Doc. 17-9 at 2. *See Memberu v. Allright Parking Sys., Inc.*, 93 F. App'x 603, 609 (5th Cir. 2004) (explaining that "a dispute in the evidence concerning [the employee's] job performance does not provide a sufficient basis for a reasonable factfinder to infer that [the employer's] proffered justification is unworthy of credence.") (quoting *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991)).

Services] he needed treatment for alcoholism."[37] This argument misses the mark in at least two ways. First, it misapprehends the real reason Moore was terminated, focusing on the quality of his business development efforts, rather than the more basic aspects of his job performance like showing up for work. There is no dispute about the latter. Second, his job performance has nothing to do with the impermanence of his impairment that underlay the Court's holding that Moore was not a qualified individual under the ADA. Therefore, it is not a basis upon which to grant reconsideration.

In evaluating Moore's deviations from his employer's legitimate expectations for his job performance – principally, his missing work, meetings, and telephone calls – the Court looked to the content of summary-judgment evidence[38] or briefs submitted by Moore himself.[39] These judicial confessions by Moore *necessarily imply* that his job performance was at the very least "lackluster" during periods of relapse or binge drinking. In fact, if Moore was "unable to perform the requirements of his job" or "basic work functions" when "under the influence of alcohol," his performance was less than "lackluster" during these occasional manifestations of his disease. Thus, Moore's own statements led the Court to conclude that Defendants were not wrong to assess his job performance as unsatisfactory.

Moore also complains that "the Court, on more than one occasion, surmises that Moore has been in recovery for years, despite the fact that there were no citations to support such statements

---

[37] R. Doc. 50-1 at 4.

[38] *See, e.g.*, R. Doc. 17-13 at 1 (recounting Moore's "performance issues," including "not timely circulating reports as required," not "schedul[ing] meetings for manager to attend, as requested," "[c]onsistently missed deadlines by at least a week," and "[n]ot attending conference calls and missed physician calls." Moore cannot (and does not) dispute that these deficiencies necessarily occurred during the absences caused by his episodic, binge drinking.

[39] See, e.g., R. Doc. 17 at 6 ("[W]hen he is in relapse … Moore is unable to perform the requirements of his job as an orthopedic implant coordinator. For instance, he cannot drive. He cannot communicate with physicians, hospital managers, or hospital owners. He is unable to physically function in an Operating Room alongside the doctors who employs the services of [Defendants]."); *id.* at 9 ("[W]hen he is under the influence of alcohol, Moore cannot perform manual tasks required of his job, cannot effectively communicate, cannot travel, and cannot otherwise perform basic work functions.").

and, in fact, ***no evidence in the record*** to support such statements."[40]  Yet again, the Court gleaned this information from Moore himself.  In his initial filing Moore alleges that he was "sober and in recovery for years prior to his employment with Defendants."[41]  At his deposition he testified that he had been in recovery.[42]  And in his declaration Moore stated: "I am an alcoholic in recovery."[43]

Thus, there was no error of fact in the Court's summary judgment dismissing Moore's disability discrimination claim.

### C.    No Newly Discovered or Previously Unavailable Evidence

Next, Moore argues that the Court erred in granting summary judgment in Defendants' favor because his medical records from an in-patient treatment facility, which he claims constitute new evidence, demonstrate that he is a qualified individual under the ADA.[44]  He argues that his medical records produced by the Hazelden Betty Ford Drug and Alcohol Treatment Center demonstrate that his "alcoholism substantially limits numerous life activities, or at the very least, creates genuine issues of material facts as to Moore's status as a qualified individual."[45]  According to Moore, "this evidence contradicts the Court's 'finding' that Moore had been 'in recovery for years.'"[46]  Moore also argues that the medical records "demonstrate that Moore does not engage in any activities when he is in a binge, contrary to this Court's findings," and that "not only could Moore not work as an orthopedic implant coordinator, but also that he could not work any job because he can not [sic] engage in any activities while drinking."[47]  Moore claims that this evidence was not available to him prior to the submission date of the motion for summary judgment.[48]

---

[40] R. Doc. 50-1 at 5 (emphasis in original toned down).
[41] R. Doc. 1 at 3.
[42] R. Doc. 13-5 at 9.
[43] R. Doc. 17-9 at 1.
[44] R. Doc. 50-1 at 6.
[45] *Id.*
[46] *Id.* at 6-7.
[47] *Id.* at 10 (emphasis in original).
[48] *Id.* at 7.

Defendants counter that "evidence contained in these records originates directly from what Moore reported to the treating physicians at Hazelden about his alcoholism," and that "these records existed in files accessible to Moore for all of that time."[49]  Despite knowing where to get his medical records, "Moore made no effort to obtain his own medical records – even after Defendants moved for summary judgment arguing in part that Moore could not establish that his alcoholism constituted a 'disability' under the ADA."[50]  He "did not request any documentation from Hazelden related to his diagnosis and his treatment for alcoholism until the day before discovery closed."[51]  Defendants observe, then, that "Moore fails to provide any convincing explanation why his own medical records could not have been acquired by even minimal diligence during the eleven months this action was pending before his opposition to Defendants' motion for summary judgment was due."[52]  Defendants further point out that "there are several instances where the Hazelden records directly contradict Moore's testimony regarding the limitations his alcoholism causes to his daily life when he's drinking or relapsed," and that "Moore should not be permitted to supplement and edit what he stated under oath to be the specific details and effects of his alcoholism."[53]

In the Rule 59(e) context, a motion for reconsideration based on alleged newly discovered evidence "should be granted only if: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraros v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (quotation

---

[49] R. Doc. 53 at 10-11.
[50] *Id*. at 11.
[51] *Id.*
[52] *Id.* at 12.
[53] *Id.*

omitted). As to the second factor of this test, evidence existing before judgment is only "newly discovered" when a party was "excusably ignorant" of its existence until after judgment. *NLRB v. Jacob E. Decker & Sons*, 569 F.2d 357, 363 (5th Cir. 1978). Accordingly, the Fifth Circuit has consistently held that "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 848 (5th Cir. 2006) (affirming denial of a Rule 59(e) motion because proposed "new" evidence was "plainly available or easily discovered before summary judgment").

The information in Moore's medical records regarding the supposed limitations caused by his alcoholism are not new evidence. The records consist of what Moore reported to his treating physicians at Hazelden well before (in most cases, years before) his need to oppose summary judgment in this case, and they have been available to Moore since then.[54] But Moore made no effort to obtain his own records from Hazelden until after Defendants filed their motion for summary judgment and then only on the eve of the discovery deadline. These records could have been obtained much earlier by proper diligence and so are not properly conceived as newly discovered.

Moreover, even had the discovery been obtained diligently, the outcome would not change. First, much of the information contained in these records was considered by the Court in issuing its summary judgment.[55] Second, the limitations stated in the medical records differ in key respects from what Moore swore to under oath at his deposition. Moore testified in his deposition that he is able to care for himself, engage in limited physical activity, and shop for food and clothes,

---

[54] R. Doc. 53-1 at 11 (Moore's discovery responses in 2017 identifying the mailing address of Hazelden).
[55] For example, *compare* R. Doc. 50-3 at 23 *with* R. Doc. 47 at 10.

notwithstanding his alcoholism, except during periods of relapse.[56]  Moore should not be permitted to point to the Hazelden records now to contradict his prior sworn testimony.  *Cf. Mata v. Caring for You Home Health, Inc.*, 94 F. Supp. 3d 867, 871-72 (S.D. Tex. 2015) (rejecting party's change of deposition answer "[t]o clarify the record" as "solely in an attempt to create a fact issue and defeat summary judgment").  Thus, the Hazelden medical records are not newly discovered or previously unavailable evidence that warrant reconsideration.

Finally, Moore argues that this Court erred in granting summary judgment while the magistrate was reviewing *in camera* documents for potential production by Defendants, speculating that the documents might have been dispositive.[57]  Specifically, Moore argues that he "believes the communications could contain evidence demonstrating that he was fired because he was an alcoholic, or that Defendants regarded him as being disabled for purposes of ADA protection," and that "if there was evidence in those communications of either of these items, it could materially change the Court's ruling on summary judgment."[58]  Defendants argue that "Moore suspects that these withheld communications were made for purposes other than obtaining legal advice," but he "offers no substantive basis for his hunch nor for his belief that somewhere among these documents is the smoking gun that would change the outcome of this case."[59]

The documents at issue consist of emails (and an email attachment) between Defendants' in-house counsel and their outside counsel regarding "Moore's disclosure as a recovering alcoholic, his absence while obtaining treatment, and Moore's impending employment separation."[60]  If they contain legal opinion, the emails could not have been used by Moore in

---

[56] R. Doc. 17-7 at 5-6.
[57] R. Docs. 50-1 at 14-15; 56 at 8-9.
[58] R. Doc. 50-1 at 15.
[59] R. Doc. 53 at 15.
[60] *Id.* at 14.

opposing summary judgment. *See Acceptance Inc. Co. v. Bhugra Enters., Inc.*, 946 F. Supp. 480, 482 (N.D. Tex. 1996) (legal opinion by insurer's employee as to coverage of policy is "not competent summary judgment evidence"). And, even if they do not contain legal opinion, the emails should not have been considered by this Court on summary judgment because Moore had not diligently pursued avenues to make them available before judgment was rendered and his conclusory speculation about their content is inadequate to avoid the consequence of this lack of diligence.

Therefore, there was no newly discovered or previously unavailable evidence that warrants reconsideration of the Court's dismissal of Moore's disability discrimination claim.

## IV. CONCLUSION

Moore's motion for reconsideration is nothing more than a rehash of arguments rejected by this Court in its prior Order & Reasons or an attempt to introduce new arguments on the basis of evidence it could have obtained previously through the exercise of reasonable diligence. Moore simply has not demonstrated any manifest error of law or fact, or identified any newly discovered or previously unavailable evidence, as would warrant reconsideration.[61]

Accordingly, for the foregoing reasons,

IT IS ORDERED that Moore's motion for reconsideration (R. Doc. 50) is DENIED.

New Orleans, Louisiana this 28th day of April, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[61] In addition, Moore makes no argument to undermine the Court's conclusion that there is no evidence that Defendants' termination of him based on deficiencies in his job performance was a pretext for discrimination based on his alcoholism.